# GARFUNKEL, WILD & TRAVIS, P.C.
### ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964

www.gwtlaw.com

ROBERT ANDREW WILD *
FREDRICK I. MILLER *
JUDITH A. EISEN *
LEONARD M. ROSENBERG *
JEFFREY S. BROWN *‡†
ANDREW E. BLUSTEIN *‡†
BURTON S. WESTON *
DAVID J. BIEHL *
MICHAEL J. KEANE *‡
HAYDEN S. WOOL *
GREG E. BLOOM *#
ROY W. BREITENBACH *#

OF COUNSEL
GEORGE M. GARFUNKEL *
NORTON L. TRAVIS *
DAVID E. STECKLER *
STUART M. HOCHRON, M.D. ‡

JEFFRY ADEST *‡
STEVEN R. ANTICO *‡
SUZANNE M. AVENA *
STEVEN J. CHANANIE *
PHILIP C. CHRONAKIS *‡
PETER A. EGAN *#
B. SCOTT HIGGINS *
PETER M. HOFFMAN *
EVE GREEN KOOPERSMITH *
SEAN P. LEYDEN *#
PETER B. MANCINO *
DORIS L. MARTIN *
JOHN G. MARTIN *
LOURDES MARTINEZ *‡
PATRICK J. MONAHAN II #
RAYMOND P. MULRY *‡
ALAN H. PERZLEY *‡
GREGG D. REISMAN *
TERENCE A. RUSSO *
ANDREW J. SCHULSON *
DEBRA A. SILVERMAN *
CHRISTINA VAN VORT *
ANDREW L. ZWERLING *

WRITER'S EMAIL: cwallitt@gwtlaw.com
WRITER'S DIRECT DIAL: (516) 393-2594

July 29, 2008

DANIEL ALLIANCE *
MICHAEL M. BARUCH *
JOHN BECKER *
WILHELMINA A. DE HARDER *
ROBERT A. DEL GIORNO *
LUCIA F. DENG *
REBECCA A. EDELMAN LEVY *‡
THERESA A. EHLE *#
JACQUELINE H. FINNEGAN *
JORDAN M. FREUNDLICH *
RANDI E. FRIEDMAN *#
NICOLE F. GADE *‡
STACEY L. GULICK *‡
JASON Y. HSI *
KIMBERLY KEMPTON-SERRA ‡#
MELISSA S. KUBIT *‡
SHILPA PATEL LARSON *‡
LAUREN M. LEVINE *‡
SALVATORE PUCCIO *
COURTNEY A. ROGERS *
MOLLY M. RUSH *

MICHELLE LEWIS SALZMAN *
PETER G. SIACHOS *‡
GREGORY R. SMITH *
JESSICA M. SPERLING *#
COLLEEN M. TARPEY *
GERARD H. TONER *
JUSTIN M. VOGEL *
CAROLINE P. WALLITT *
ALICIA M. WILSON *

SENIOR ATTORNEYS
LARA JEAN ANCONA *
KEVIN G. DONOGHUE *
LAURIE BORGERDING JOHNSON *
BARBARA D. KNOTHE *#
JOHN P. KRALJIC *
MARIANNE MONROY *‡
KAREN L. RODGERS *
ROBERT E. SCHILLER *
AFSHEEN A. SHAH *

* LICENSED IN NEW YORK
‡ LICENSED IN NEW JERSEY
# LICENSED IN CONNECTICUT
† RESPONSIBLE PARTNERS FOR NEW JERSEY OFFICE

FILE NO.: 90375.1002
REPLY TO: New York

**BY ELECTRONIC CASE FILING AND FIRST CLASS MAIL**

The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

      Re: *Nadia Marsh, M.D. v. Cabrini Medical Center*
           Case No. 08-CIV-5405

Dear Judge Sullivan:

      This firm represents Defendant Cabrini Medical Center ("Cabrini") in the referenced matter. We respectfully submit this letter in accordance with Your Honor's Individual Practices to request a pre-motion conference relating to Cabrini's intention to file a motion to dismiss.

A.    Background

      In early December 2005, Plaintiff Nadia Marsh, M.D. ("Plaintiff") and Cabrini entered into an employment agreement (the "Employment Agreement") where Plaintiff agreed to provide medical services to Cabrini in exchange for $180,000 in annual compensation. On or about November 1, 2007, Cabrini notified Plaintiff that it was conducting layoffs and her employment was likely to be permanently terminated in early 2008. When Plaintiff's employment was in fact terminated, the parties executed a severance agreement (the "Severance Agreement") and general release (the "Release") on February 1, 2008 whereby Cabrini would pay Plaintiff $42,667.20 in exchange for Plaintiff waiving her legal remedies.

      On June 13, 2008, Plaintiff commenced this action, asserting claims for breach of the Employment Agreement and *quantum meruit*. Plaintiff contends that "due to [Cabrini's]

The Honorable Richard J. Sullivan
July 29, 2008
Page 2

abrogation of their [sic] responsibilities to pay the required consideration to Plaintiff, this severance agreement is a legal nullity entitling [Plaintiff] to the terms of her original [employment] contract." Plaintiff seeks $96,807.41 in damages for salary and vacation pay allegedly owed to her under the Employment Agreement, plus interest.

B. Argument

With the Court's consent, Cabrini will move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons listed below, the entire Complaint should be dismissed and remanded to state court.

1. *Standard for Motion to Dismiss*

Dismissal of a complaint pursuant to Rule 12(b)(6) is warranted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Riccuiti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (internal citation omitted). Bald assertions and conclusions of law are insufficient to state a claim. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). In deciding whether a plaintiff has adequately pleaded a claim, consideration is limited to the factual allegations contained in both the plaintiff's complaint and documents attached to the complaint as exhibits or incorporated by reference. *See Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit").

2. *Plaintiff Fails To State a Claim For Breach of the Employment Agreement*

Plaintiff's contention that the Severance Agreement is a nullity because of Cabrini's alleged abrogation of its responsibilities to pay the required consideration is incorrect. Rather, the Employment Agreement is the nullity because the Severance Agreement supersedes it.

A subsequent contract regarding the same subject matter supersedes the prior contract. *Ottawa Office Integration v. FTF Bus. Sys.*, 132 F.Supp.2d 215, 219 (S.D.N.Y. 2001); *Indep. Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1195 (S.D.N.Y. 1996). Even if the subsequent contract as a whole does not contain precisely the same subject matter as the prior contract, the subsequent agreement still supersedes the terms of the earlier contract that are of the same subject matter. *CreditSights, Inc. v. Ciasullo*, 2007 WL 943352, at *6 (S.D.N.Y. Mar. 29, 2007); *see also Private One of New York v. JMRL Sales & Serv.*, 471 F.Supp.2d 216, 223 (E.D.N.Y. 2007) (concluding that the second agreement's terms superseded those of the first because they addressed the same subject matter). Here, though the Employment Agreement and Severance Agreement did not address precisely the same subject matter, Paragraph 8 of the Employment Agreement and Paragraph 2 of the Severance Agreement both addressed the same subject matter: severance pay upon Plaintiff's termination. Therefore, the provision governing severance pay in the Severance Agreement supersedes that of the Employment Agreement.

That Cabrini allegedly failed to pay Plaintiff under the terms of the Severance Agreement does not matter because the Severance Agreement and Release are supported by another type of consideration: upon forming these newer superseding agreements, the parties gave up their

GARFUNKEL, WILD & TRAVIS, P.C.

991268v.2

respective rights to counter-performance under the old Employment Agreement. *Mega-Trends Int'l, Inc. v. Beeba's Creations, Inc.*, 1995 WL 322153, at *4 (S.D.N.Y. 1995).

Because the relevant provision in Employment Agreement has been superseded by the Severance Agreement, Plaintiff's rights stemming from the Employment Agreement are extinguished. Plaintiff's only viable claims stem from the Severance Agreement or the Release. Because Plaintiff brought invalid claims based on the nullified Employment Agreement, her Complaint should be dismissed pursuant to Rule 12(b)(6).

3. *Plaintiff Has Failed to Meet the Jurisdictional Threshold*

The Complaint should be dismissed because this Court lacks subject matter jurisdiction over Plaintiffs' claims. "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." FED. R. CIV. P. 12(h)(3). The Rule makes clear that a lack of subject matter jurisdiction mandates dismissal of a complaint at any stage in the action.

"It is well-established that federal courts are courts of limited jurisdiction and may not entertain law suits unless jurisdiction is both permitted by the United States Constitution and expressly provided for by Congress." *Williams v. Pfeffer*, 117 F.Supp.2d 331, 333 (S.D.N.Y. 2000). Federal jurisdiction is available in the first instance only when a federal question is presented (28 U.S.C. § 1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332).

Plaintiff claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and because Plaintiff seeks $96,807.41 in damages for an alleged breach of the Employment Agreement. However, because the Employment Agreement is a nullity and Plaintiff can only seek to enforce the Severance Agreement and Release, the amount is dispute is only $46,667.20 (the amount set forth in the Severance Agreement). This amount is below the federal $75,000 jurisdictional threshold. Accordingly, this Court does not have subject matter jurisdiction over this action.

C. Conclusion

For the reasons stated above, Cabrini respectfully submits that the Complaint should be dismissed in its entirety and requests that the Court grant its request for a pre-motion conference.

Respectfully submitted,

*/s/ CP Wallitt*

Caroline P. Wallitt (CW-2065)

cc: David B. Rankin, Esq. (DR-0863)
    Andrew L. Zwerling, Esq. (AZ-5455)

GARFUNKEL, WILD & TRAVIS, P.C.

991268v.2